**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v.** **CR No. 06–58 ML**

**KENNETH BLANE**

**MOTION FOR SENTENCE OUTSIDE OF THE**
**GUIDELINE RANGE**

Now comes the Defendant, Kenneth Blane, through counsel, and hereby moves this Honorable Court, pursuant to Local Rule LR CR 32(a), for imposition of a sentence outside the applicable guideline range.

A memorandum in support of this motion is attached.

Respectfully Submitted,
Kenneth Blane,
By His Attorney

/s/ Randy Olen, Esq.
Randy Olen, Esq.
Bar No. 4916
Olen Law Offices
55 Bradford Street
Suite 203
Providence, RI 02903
(401) 274-1400
(401) 274-2480 (fax)

# CERTIFICATION

I hereby certify that on this 16th day of January, 2007, I delivered a true copy of the within Motion by electronic means to Sandra Beckner, Assistant United States Attorney, Office of the U.S. Attorney, 50 Kennedy Plaza, 8th Floor, Providence, RI, 02903, and by hand-delivery to Kristin Ann Mattias, United States District Court, Office of the Probation Officer, District of Rhode Island, 2 Exchange Terrace, 3rd Floor, Providence, Rhode Island, 02903.

/s/ Randy Olen, Esq.
Randy Olen, Esq.
Bar No. 4916
Olen Law Offices
55 Bradford Street
Suite 203
Providence, RI 02903
(401) 274-1400
(401) 274-2480 (fax)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v.** **CR NO. 06-58 ML**

**KENNETH BLANE**

**MOTION FOR LEAVE TO SUBMIT "MOTION FOR SENTENCE OUTSIDE THE GUIDELINE RANGE"**
**ONE BUSINESS DAY LATE, INSTANTER**

Now comes the Defendant, through counsel, and hereby moves this Honorable Court for leave to file his "Motion for Sentence Outside the Guideline Range" one business day late, instanter. For reason, counsel for the defendant informs the Court that he was unable to complete the motion and memorandum due Friday, January 12, due to his absence from work last week due to illness. Counsel was treated by his physician last Monday, January 8, for bronchitis and was out of his office for the remainder of the week.

The motion and memorandum are submitted herewith, one business day late. Mr. Blane respectfully requests that the Court grant leave to file these documents today, instanter.

Respectfully Submitted,
Kenneth Blane,
By His Attorney

/s/ Randy Olen, Esq.
Randy Olen, Esq.
Bar No. 4916
Olen Law Offices
55 Bradford Street
Suite 203
Providence, RI 02903
(401) 274-1400
(401) 274-2480 (fax)

**CERTIFICATION**

I hereby certify that on this 16th day of January, 2007, I delivered a true copy of the within Motion by electronic means to Sandra Beckner, Assistant United States Attorney, Office of the U.S. Attorney, 50 Kennedy Plaza, 8th Floor, Providence, RI, 02903, and by hand-delivery to Kristin Ann Mattias, United States District Court, Office of the Probation Officer, District of Rhode Island, 2 Exchange Terrace, 3rd Floor, Providence, Rhode Island, 02903.

/s/ Randy Olen, Esq.
Randy Olen, Esq.
Bar No. 4916
Olen Law Offices
55 Bradford Street
Suite 203
Providence, RI 02903
(401) 274-1400
(401) 274-2480 (fax)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v. CR No. 06–58 ML**

**KENNETH BLANE**

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR SENTENCE OUTSIDE THE GUIDELINE RANGE**

The defendant, Kenneth Blane, has pleaded guilty to a one count indictment charging him with possession with intent to distribute 10.7 grams of cocaine base, in violation of 21 USC §§ 841(a)(1) and (b)(1)(B). Sentencing is scheduled for Friday, January 19, 2007, at 9:30 a.m. before the Honorable Mary M. Lisi, Chief U.S. District Judge. For the reasons which follow, Mr. Blane requests that the Court impose sentence below the applicable advisory guideline range.

The parties are in agreement that the applicable guideline range is 108 to 135 months. The range is calculated based upon a total offense level of 29, and a criminal history category of III. Pursuant to a plea agreement, Mr. Blane stipulated that the total quantity of cocaine base for guideline purposes is 68 grams, which represents 10.7 grams in the offense of conviction, and 57.3 grams attributable to him as relevant conduct, on the basis of three prior transactions occurring in the three weeks preceding the instant offense. The offense carries a mandatory minimum sentence of five years imprisonment.

In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that a conflict between the Sixth Amendment and the United States Sentencing Guidelines required that the provisions which made the guidelines mandatory be excised, thereby making the guidelines advisory. "Booker's remedial solution makes it possible

for courts to impose non-guideline sentences that override the guidelines, subject only to the ultimate requirement of reasonableness." United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Post – Booker, a sentencing court must calculate and consider the guideline range "before deciding whether to exercise its new-found discretion to impose a non-guidelines sentence." Id. While therefore not limitless, the Court's discretion to do so is "broad". United States v. Pho, 433 F.3d 53, 61 (1st Cir. 2006).

In making this determination, the sentencing court must consider all the factors listed in 18 U.S.C. §3553(a). Id. at 519. These include the nature and circumstances of the offense; the history and circumstances of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See United States v. Thurston, 456 F.3d 211 (1st Cir. 2006). The statute mandates that the Court "impose a sentence sufficient, but not greater than necessary," to comply with the statutory goals. See 18 U.S.C. §3553(a); United States v. Scherrer, 444 F.3d 91 (1st Cir. 2006).

The Court is not prohibited from considering factors which are specifically prohibited or discouraged by the guidelines. See United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006)("That a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines. The guidelines – being advisory – are no longer decisive as to factors any more than as to results").

***The Circumstances of This Case Warrant The Imposition of a Sentence Below the Applicable Advisory Guideline Range***

In this case, examination of the §3553 factors warrants the imposition of a sentence significantly below the guideline range. The nature of the offense itself provides an initial reason for this view. Mr. Blane's offense involved the sale of a relatively small quantity of "crack" cocaine. Including his stipulated relevant conduct, the total quantity of contraband involved was 68 grams. This yields a low–end sentence of nine years imprisonment, and necessarily warrants consideration of the cocaine base/ cocaine powder disparity within the guideline scheme. While the First Circuit has held that a sentencing court may not impose a sentence outside the advisory guideline range based ***solely*** upon its categorical rejection of the guidelines' disparate treatment, see Pho, supra, the Court made it clear in that same case that "[b]y the same token, we do not intend to diminish the discretion that, after Booker, district courts enjoy in sentencing matters or to suggest that, in a drug–trafficking case, the nature of the contraband and/or the severity of a projected guidleine sentence may not be taken into account on a case–by–case basis." Pho, 433 F.3d at 65. See also United-States v. Burks, 2006 U.S. App. Lexis 19356 (1st Cir. 2006). Consideration of the disparity as a §3553 factor is therefore relevant. If it did not exist, and the quantity of cocaine base in this case were calculated as powder, Mr. Blane's sentencing range would be 18–24 months, rather than 108–135 months. This enormous difference, especially in conjunction with other factors in this case, strongly supports a sentence below the advisory guideline range. [1]

[1] Moreover, while Mr. Blane has eschewed a challenge based on sentencing manipulation, see United States v. Capelton, 350 F.3d 231 (1st Cir. 2003), it is an indisputable fact that the government was involved in the three prior controlled buys which formed the basis of the relevant conduct attributable to Mr. Blane. Had Mr. Blane been arrested after the second of these incidents, his guideline range would be 70–87 months. It is certainly reasonable to consider this factor in support of Mr. Blane's request.

Even the low end of the guideline range – 108 months (nine years) – represents a sentence which is far in excess of that which is required to assure §3553's goals. This is especially so, where Mr. Blane has never served a sentence of incarceration prior to this offense. Given the nature and circumstances of the offense, it would be counter to the concept of incremental punishment to levy such a harsh initial sentence of imprisonment.

Consideration of Mr. Blane's personal history and circumstances provides even more compelling reasons for imposition of a sentence below the guideline range. The Presentence Investigation Report (PSR) reports that Mr. Blane was raised under exceptionally difficult circumstances. His parents separated when he was an infant, and he had no contact with his father, who was shot and killed when Mr. Blane was approximately eleven years old. His mother, who suffers from schizophrenia and bi-polar disorder, was a drug user while Mr. Blane was a child, and as a result, he "essentially grew up on the streets." PSR at 7, p. 42. Complicating this set of circumstances was Mr. Blane's own use and addiction to marijuana. PSR at 8-9, p. 48. Mr. Blane completed only the tenth grade before leaving school.

Despite his own troubled background, Mr. Blane remains a compassionate individual who has sought to assist those less fortunate. His most consistent employment involved working as a counselor at Crossroads, and as an assistant at a group home for autistic individuals. PSR at 9, p. 50.

Mr. Blane's involvement in this offense was motivated by economic necessity, not greed. His letter to the Court reveals a remarkable self-awareness, and he has expressed his revulsion and remorse for his offense in most genuine terms. His conduct subsequent to his incarceration has demonstrated a strong commitment to rehabilitation.

Given the circumstances of this case, imposition of the minimum mandatory sentence of

five years is sufficient to satisfy the goals of § 3553. At 35 years of age, Mr. Blane is mature enough to fully comprehend the consequences of recidivism, while young enough to establish himself as a productive member of the community. This Court should therefore impose a sentence which is below the advisory guideline range.

Respectfully Submitted,
Kenneth Blane,
By His Attorney

/s/ Randy Olen, Esq.
Randy Olen, Esq.
Bar No. 4916
Olen Law Offices
55 Bradford Street
Suite 203
Providence, RI 02903
(401) 274-1400
(401) 274-2480 (fax)

**CERTIFICATION**

I hereby certify that on this 16th day of January, 2007, I delivered a true copy of the within Motion by electronic means to Sandra Beckner, Assistant United States Attorney, Office of the U.S. Attorney, 50 Kennedy Plaza, 8th Floor, Providence, RI, 02903, and by hand-delivery to Kristin Ann Mattias, United States District Court, Office of the Probation Officer, District of Rhode Island, 2 Exchange Terrace, 3rd Floor, Providence, Rhode Island, 02903.

/s/ Randy Olen, Esq.
Randy Olen, Esq.
Bar No. 4916
Olen Law Offices
55 Bradford Street
Suite 203
Providence, RI 02903
(401) 274-1400
(401) 274-2480 (fax)