**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-06-058ML** |
| | : | |
| **KENNETH BLANE** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

**INTRODUCTION**

Defendant Kenneth Blane requests that this Court exercise its discretion and sentence the defendant below the Sentencing Guidelines range. Defendant advocates for a variance from the guideline range[1] found by the U.S. Probation Officer because the defendant had a disadvantaged upbringing and because there is a crack/powder disparity in the guidelines. The government disagrees that a variance is warranted.

**LAW**

In light of United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Compliance with Booker necessitates that guidelines calculations be prepared by

[1] The U.S. Probation Officer determined the defendant’s guideline range to be 108 to 135 months imprisonment based upon a base offense level of 29 and criminal history category of III.

the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward or upward departure is warranted.

Instead of arguing for a departure from the guideline range based upon one of the factors listed in U.S.S.G. § 5K, the defendant argues for a variance from the guideline range.

In this Circuit, the guidelines are "more than just 'one factor among many,'" they are the "proper starting point for post-Booker sentencing, and . . . the proponent of a variance [has] to support it." United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)). In deciding whether to vary from the guideline range, District Courts must consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns. See Jimenez-Beltre, 440 F.3d at 518-19.

**ARGUMENT**

A. Disadvantaged Background

Defendant asks this Court for leniency based on his disadvantaged background. However, "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." U.S.S.G. § 5H1.12. In U.S.S.G. § 5K2.0(d), "Prohibited Departures," the guidelines provide that "the court may not depart from the applicable guideline range based on . . . 5H1.2 (Lack of Guidance as a Youth and Similar Circumstances)."

After Booker, "[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines." United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006). However, ". . . reliance on a discounted or excluded factor may, like the extent of the variance, have some bearing on reasonableness." Id.

While the government does not dispute the difficulties faced by the defendant as a child, the government does disagree with a variance based upon such hardships. A large percentage of federal defendants face similar challenges. Unlike many that pass through this Court, the defendant obviously has a family that cares about him. To vary from the guideline range based

upon a background like the defendant's would dictate a variance in virtually every case, or would create unwarranted disparities among defendants.

B. Disparity Between Crack Cocaine and Powder Cocaine

Defendant argues that he should receive a variance from the guideline range because of the "severity of the crack cocaine guidelines." As the First Circuit recently held in United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006), "Booker established that a district court may exercise discretion in fashioning sentences - but that discretion was meant to operate only within the ambit of the individualized factors spelled out in section 3553(a)." The sentencing court is not free to downwardly depart based solely upon a disagreement with the policy choice made by Congress in establishing a 100:1 crack-to-powder ratio. See Pho, 433 F.3d at 65.

The defendant admits he sold crack cocaine on several other occasions, sometimes nearly an ounce at a time. The quantities in which he was dealing indicate the defendant was above the street level dealers in the distribution chain, and his criminal history and own personal statement demonstrate the risk of recidivism he poses. In short, the defendant's guideline range is reasonable.

**CONCLUSION**

In sum, the defendant has demonstrated no personal

characteristics, no facts about the crime, nor any other grounds to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a). The defendant does not even have the excuse of youth available to him. For the above reasons, the government submits that defendant's motion for a sentence below the sentencing guidelines should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Randy Olen, Esq.
Olen Law Offices
55 Bradford Street
Suite 203
Providence, RI 02903

Notification by facsimile:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj