**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v.** **CR 1:06-00058-ML**

**KENNETH BLANE**

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR SENTENCE REDUCTION**
**PURSUANT TO 18 U.S.C. §3582(c)(2)**
**AND U.S.S.G. §§ 1B1.10 AND 2D1.1**

The Defendant, Kenneth Blane, has filed a motion to reduce sentence, pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §§ 1B1.10 and 2D1.1, and hereby submits this memorandum in support of the motion.

On May 10, 2006, a Federal Grand Jury for the District of Rhode Island returned a one-count indictment against Kenneth Blane, charging him with possession with intent to distribute 10.7 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On September 28, Mr. Blane pleaded guilty to the indictment before the Honorable Mary M. Lisi, Chief United States District Judge.

On January 19, 2007, Mr. Blane appeared for sentencing. Based on an offense level of 29 and criminal history category III, Mr. Blane's original guideline range was 108-135 months imprisonment. Noting Mr. Blane's circumstances were "unusual compared to many drug dealers in federal court," the Court granted Mr. Blane's motion for a sentence below the applicable guideline range, sentencing him to a term of imprisonment of 72 months. In so doing, the Court noted the difficult circumstances of Mr. Blane's personal background; his employment as a counselor and caregiver to

mentally challenged individuals; his attempt to treat his own substance abuse problem; his relatively low level of criminal activity; and the fact that he had never previously served any prison time.

Based upon the amendments, which adjust the base offense level for crack cocaine downward by two levels, Mr. Blane is eligible for a sentence reduction, pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10. Mr. Blane's amended guideline range, based on an offense level of 27, is 87-108 months imprisonment.

The sentence originally imposed by the Court constituted a 33 percent variance from the (recommended) low end of the guideline range. Computation of a comparable percentage variance from the low end of the guideline range after the retroactive application of the crack cocaine amendment would result in a sentence of imprisonment of approximately 58 months. Because a statutory minimum mandatory term of 60 months applies in this case, Mr. Blane respectfully requests that the Court grant this motion and modify his sentence to impose a 60 month term of imprisonment.

The Court's original decision to grant a downward variance has been vindicated by Mr. Blane's postsentencing conduct. Mr. Blane has not received any incident reports while incarcerated. He has obtained his high school diploma; learned to type; and is studying nutrition in conjunction with his classes toward certification by the National Federation of Professional Trainers (NFPT). Mr. Blane's postsentencing behavior has been exemplary in every regard, and he is more than deserving of a sentence reduction.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant this motion for sentence reduction, and modify the judgment to impose a sentence of 60 months imprisonment.

Respectfully Submitted,
Kenneth Blane,
By His Attorney,

/s/Randy Olen, Esq.
55 Bradford Street
Suite 203
Providence, RI 02903
(401) 274-1400
(401) 274-2480 (fax)

**CERTIFICATION**

I hereby certify that on this 7th day of May, 2008, I filed the within ***Memorandum*** electronically using ECF filing and sent a copy via first class mail to Kristin Ann Mattias, U.S. Probation Officer, United States District Court, Office of the Probation Officer, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.

/s/Randy Olen, Esq.